NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————————

No. 12-2793
——————————

JOE L. ANDREWS; ELGIN I. MCCARGO, Executor of the Estate of
Annie McCargo-Andrews a/k/a Annie Murl McCargo-Andrews,

Appellants

v.

MONROE COUNTY TRANSIT AUTHORITY; CHARLES JORDAN

——————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-01859)
District Judge: Honorable A. Richard Caputo
——————————

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2013

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed: April 25, 2013)

——————————

OPINION
——————————

AMBRO, Circuit Judge

1

Appellants Joe L. Andrews and Elgin I. McCargo appeal the District Court's dismissal of their Revised Amended Complaint against the Monroe County Transit Authority and Charles Jordan.  We affirm in part, reverse in part, and remand for further proceedings.

I.

On October 8, 2009, Andrews, who suffers from Alzheimer's disease, was shopping with his wife Annie McCargo-Andrews.[1]  While McCargo-Andrews was purchasing items, Andrews left the store and attempted to board a Monroe County Transit Authority ("MCTA") bus.  Bus driver Charles Jordan stopped Andrews and asked where he was going and for payment.  Confused and disoriented, Andrews began to unzip his pants and remove his penis.  In response, Jordan began yelling at Andrews and then shoved and threw him from the bus to the concrete sidewalk.  Jordan at first closed the bus door, but then reopened it and left the bus to yell at and then strike Andrews, now lying prone on the sidewalk.  Jordan drove away, leaving Andrews on the sidewalk.

As a result of the incident, Andrews suffered a hip fracture requiring hospitalization and hip replacement surgery.  In addition, Andrews' mental condition deteriorated rapidly.  He became unable to follow instructions, intensely agitated, and, as a result, required physical restraints, extended hospitalization, and institutionalization.

Appellants filed suit against Jordan and the MCTA claiming a substantive due process violation through a state-created danger under 42 U.S.C. § 1983 and state-law claims for battery and vicarious liability.  Appellees filed a motion to dismiss under

---

[1] McCargo-Andrews is represented in this case by the executor of her estate.

Federal Rule of Civil Procedure 12(b)(6) for failure to allege adequately the elements of state-created danger. The District Court granted that motion but permitted Appellants to re-file their complaint. Appellants filed a Revised Amended Complaint on February 8, 2012, and Appellees again filed a motion to dismiss. The Court dismissed Appellants' claim with prejudice and declined to exercise supplemental jurisdiction over their state-law claims. Appellants filed this timely appeal.[2]

## II.

We exercise plenary review over a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state a "'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Rule 8(a)(2) requires only that a pleading contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Federal Rules do not require a plaintiff to set out a legal theory at the pleadings stage, and courts have upheld a complaint against a Rule 12(b)(6) motion to dismiss even though the plaintiff appeared to rely on an inappropriate theory. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (3d ed. 2004); *Bartholet v. Reishauer A.G.*, 953 F.2d

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we exercise appellate jurisdiction under 28 U.S.C. § 1291.

1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

III.

For the reasons given by the District Court, we agree that Appellants have not pled a plausible claim for relief under a theory of state-created danger. That theory is an exception to the general rule that the state is not required to protect citizens from harm. It applies when state actors acted affirmatively either to expose a plaintiff to danger or to render him more vulnerable to harm. *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006). The MCTA's failure to prevent Jordan from harming Andrews is an omission, not an affirmative act that placed him in danger.

Although the state-created danger theory is not applicable, we believe Appellants have stated a plausible claim for relief against Jordan under a theory of excessive force or a violation of substantive due process. Section 1983 requires a plaintiff to demonstrate that a person deprived him of a federal right and did so under the color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Appellants have alleged that Jordan acted under MCTA authority to operate the bus. As the District Court concluded, Appellants have pled facts that could plausibly demonstrate behavior that "shock[ed] the conscience." *See Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001) ("We . . . apply[] the Fourteenth Amendment's shocks the conscience standard to federal claims alleging the use of excessive force . . . ."); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 ("[F]or half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience.").

Thus, Appellants should have the opportunity to proceed on this claim. While we affirm the District Court's judgment dismissing the state-created danger claim, we reverse the dismissal of Appellant's Revised Amended Complaint, and remand to the District Court for further proceedings.